### Effie C. Kuebler, Appellee, v. George J. Kuebler, Appellant.

### Gen. No. 21,883. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 8, 1917. Rehearing denied March 28, 1917.

### Statement of the Case.

Suit by Effie C. Kuebler, complainant, against George J. Kuebler, defendant, for divorce on the ground of extreme and repeated cruelty, for the conveyance of certain property, and for alimony and solicitor's fees. From a decree for divorce and for alimony and solicitor's fees, based upon an agreement between the parties, defendant appeals as to that part of the decree which relates to alimony and solicitor's fees.

Complainant in her bill claimed that certain property standing in the name of the defendant should be decreed to be hers in equity and good conscience. The defendant in his answer denied the charges and complainant's title to the property, and filed a cross-bill for divorce for desertion, which complainant denied. The master to whom the case was referred reported the complainant's interest in the property amounted to $481.40, which had subsequently been paid her, and that the property stood in the defendant's name, subject to a trust for $3,000 and complainant's dower interest, and that the household furniture belonged to the defendant, with exceptions; and he reported that the bill be dismissed as to the property. On trial by a jury, the defendant was found guilty and the cross defendant not guilty. Thereafter, in open court an

agreement was made between the parties that the complainant would vacate the property occupied by her as a homestead and that the defendant would pay her $100 a month alimony and her solicitor's fees of $400, and the court directed a decree to be prepared accordingly. The complainant vacated the property. She filed no exceptions to the master's report. Thereafter the decree as directed was presented in court, and the defendant presented objections as to alimony and solicitor's fees fixed therein in accordance with the agreement as excessive, unreasonable and beyond his financial ability.

ALBERT H. FRY, for appellant.

CHARLES M. HAFT, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

DIVORCE, § 64*—*when party estopped to repudiate terms of decree based upon agreement.* A court of equity will not permit a party to enter into an agreement in regard to the terms of a decree of divorce and, after receiving the benefit to be derived from it, repudiate it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.